UNITED STATES COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC., on behalf of plaintiff and the class members defined herein,<br><br>                  Plaintiff,<br>  v.<br><br>THE PRESCRIPTION SHOPPE, LLC; JSB GROUP OF PHARMACIES LLC; and JOHN DOES 1-10,<br><br>                  Defendants. | Case No. 1:20-cv-02945<br><br>The Honorable Steven Seeger |

**JOINT MOTION TO STAY THE PARTIES' OBLIGATIONS
TO SERVE MANDATORY INITIAL DISCOVERY RESPONSES**

Defendants The Prescription Shoppe, LLC ("The Shoppe") and JSB Group of Pharmacies LLC ("JSB", collectively, "Defendants"), and Plaintiff Glen Ellyn Pharmacy, Inc. ("Plaintiff") (collectively "Parties"), through counsel, respectfully submit this Joint Motion to Stay The Parties' Obligations to Serve Mandatory Initial Discovery Responses. In support thereof, the Parties state as follows:

1. Plaintiff filed its Complaint in this matter on April 24, 2020. (Doc. No. 1). The Court is participating in, and this case is subject to, the Northern District of Illinois Mandatory Initial Discovery Pilot Program ("MIDP"). (Doc. No. 6).

2. Pursuant to the initial MIDP Order, effective June 1, 2017, defendants in cases subject to the MIDP were required to file answers, counterclaims, crossclaims, and replies within the time set forth in Rule 12(a), even if a motion to dismiss was filed. *See* General Order 17-0005, Mandatory Initial Discovery Pilot, entered April 27, 2017 ("Initial MIDP Order"). However, when the MIDP was amended on December 1, 2018, this requirement was removed. *See* Amended

1

Standing Order Regarding Mandatory Initial Discovery Pilot Project, effective December 1, 2018 ("Amended MIDP Order").

3. The Court indicated that it removed this obligation from the Initial MIDP Order in response to comments suggesting that the early answer requirement of the MIDP imposed unnecessary costs on parties who ultimately succeed on Rule 12 motions. *See* "MIDP Changes Effective December 1, 2018" available at https://www.ilnd.uscourts.gov/_assets/_documents/MIDP%20Changes%20Effective%2012-1-18.pdf.

4. Pursuant to the Amended MIDP Order, a party seeking affirmative relief must serve its responses to the mandatory initial discovery ("MIDP Responses") no later than 30 days after the first pleading filed under Rule 12(a). A party filing a responsive pleading must serve its MIDP Responses no later than 30 days after it files its responsive pleading under Rule 12(a). Amended MIDP Order, ¶ 4.

5. On June 29, 2020, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. 12(b)(1). (Doc. No. 12).

6. Pursuant to the Initial MIDP Order, Defendants also filed an answer and affirmative defenses on the same day, not realizing that the Amended MIDP Order had removed this obligation. (Doc. No. 13).

7. Because Defendants filed an answer on June 29, 2020, the deadline for the Parties to exchange their MIDP Responses is July 29, 2020.

8. However, because Defendants mistakenly filed their answer when they were not required to pursuant to the Amended MIDP Order, the Parties respectfully request that the Court stay the Parties' obligations to serve their MIDP Responses until after the Court rules on

Defendants' pending motion to dismiss and Defendants' Answer is due pursuant to the Amended MIDP Order.

9. Granting the Parties this relief will effectuate the purpose of the changes made in the Amended MIDP Order. Specifically, if Defendants' motion to dismiss is successful, allowing the Parties to wait to prepare their MIDP Responses will allow all Parties to conserve unnecessary costs and legal fees.

10. This request is not made in bad faith or for purposes of delay.

WHEREFORE, the Parties respectfully request that the Court enter an order staying their obligations to serve their MIDP Responses until after the Court rules on Defendants' Motion to Dismiss the Complaint.

Dated: July 27, 2020

Respectfully submitted,

**THE PRESCRIPTION SHOPPE, LLC, JSB GROUP OF PHARMACIES LLC**

**GLEN ELLYN PHARMACY, INC.**

/s/ Elizabeth Austermuehle
Vivek Jayaram (IL Bar No. 6284388)
Elizabeth Austermuehle (IL Bar No. 6302326)
Jayaram Law, Inc.
125 S. Clark Street, Suite 1175
Chicago, Illinois 60603
Phone: 312-212-8676
vivek@jayaramlaw.com
liz@jayaramlaw.com

Gigio Ninan (*Appearance forthcoming*)
Shankar Ninan & Co.
875 Avenue of the Americas, Suite 1810
New York, NY 10001
Phone: 212-594-6657
Fax: 212-594-6780
gio@shankarninan.com

*Counsel for Defendants The Prescription Shoppe, LLC and JSB Group of Pharmacies LLC*

/s/ Dulijaza Clark
Dulijaza Clark
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
T: 312-739-4200  F: 312-419-0379
jclark@edcombs.com

*Counsel for Plaintiff, Glen Ellyn Pharmacy, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion to Stay was served on all counsel of record by means of the Court's electronic filing system on this 27th day of July, 2020.

/s/ Elizabeth Austermuehle

Elizabeth Austermuehle
Jayaram Law, Inc.
125 S. Clark Street
Suite 1175
Chicago, Illinois 60603
Phone: 312-212-8676
Fax: 312-661-5910
liz@jayaramlaw.com