**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC., ) <br> on behalf of plaintiff and ) <br> the class members defined herein, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE PRESCRIPTION SHOPPE, LLC; ) <br> JSB GROUP OF PHARMACIES LLC; ) <br> and JOHN DOES 1-10, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 20-cv-2945 <br><br> Hon. Steven C. Seeger <br><br> Magistrate Judge David Weisman |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.     Nature of the Case**

    A.     <u>Attorneys of record for each party</u>.

*Glen Ellyn Pharmacy*- Plaintiff:
Daniel A. Edelman (Lead Counsel)
Cathleen M. Combs
Dulijaza (Julie) Clark

*The Prescription Shoppe, LLC and JSB Group of Pharmacies, LLC*- Defendants:
Vivek Jayaram (Lead Counsel)
Elizabeth Austermuehle
Gigio Ninan (*Appearance forthcoming*)

1

B.     Jurisdictional Basis

Plaintiff's Position: This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC,* 132 S.Ct. 740 (2012); *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005). Plaintiff alleges that this Court may also have jurisdiction under 28 U.S.C. §1332(d) (Class Action Fairness Act). Personal jurisdiction exists as Defendants have transacted business in Illinois.

Defendants' Position: Defendants assert that the Court lacks Article III jurisdiction based on the lack of an actual case or controversy. This position is set forth in full in Defendants' Motion to Dismiss the Complaint [Dkt. No. 12].

C.     Short overview of the case.

The TCPA expressly prohibits unsolicited fax advertising as it damages the recipients by depriving them of their paper; ink or toner; use of fax machines for other legitimate purposes; and valuable time they would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.  Plaintiff received one or more of unsolicited fax advertisements sent by or on behalf of Prescription Shoppe and seeks relief for itself and all other recipients of the faxes which Plaintiff believes were sent in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and state law.  Upon review of Defendants' Motion to Dismiss [Dkt No. 12], Plaintiff has elected to dismiss the related state law claims without prejudice.

Defendants' assert that the complaint merely alleges a procedural violation of the TCPA and does not identify a concrete, particularized injury, nor any damages, as required to establish standing under Article III of the Constitution.

    D.    <u>Description of Claims asserted in the Complaint and Affirmative Defenses</u>.

Plaintiff's complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law (conversion and trespass to chattels) arising out of Defendants' sending or causing to be sent unsolicited advertisements to the facsimile machines of Plaintiff and others similarly situated. Subsequent to the filing of Defendants' Motion to Dismiss [Dkt. No. 12], Plaintiff agreed, as stated in its response, to dismiss the state law and common law claims [Dkt. No. 18].

Defendants will assert the following affirmative defenses: failure to state a claim upon which relief can be granted; lack of standing to bring suit; lack of jurisdiction; Plaintiff has suffered no injury or damages; Plaintiff has failed to mitigate its damages, if any; Plaintiff has suffered no irreparable harm; Plaintiff's claims are barred by the doctrine of laches and/or the statute of limitations; Defendants lack the capacity to remedy Plaintiff's alleged injuries; and Plaintiff as failed to join a required party.

    E.    <u>Principal factual issues</u>.

1. Whether Defendants sent or caused the sending of unsolicited facsimile advertisements;

2. Whether there was consent from or an established business relationship with any of the recipients of the alleged unsolicited advertising facsimiles;

3. How the recipients of the alleged unsolicited advertising facsimiles were identified or determined;

4. What, if any, third parties were involved in the sending of the alleged unsolicited facsimile advertisements;

5. The damages, if any, to which Plaintiff and/or the putative class members are entitled; and

      6.      Whether Plaintiff can satisfy the requirements for class certification under Rule 23.

  F.    <u>Principal legal issues</u>.

      1.      Whether Plaintiff is entitled to relief under the TCPA;

      2.      Whether the facsimiles constitute advertisements of goods or services as defined by the TCPA;

      3.      Whether Plaintiff consented to receipt of Defendants' faxes;

      4.      Whether Plaintiff has an established business relationship with Defendants; and

      5.      Whether Plaintiff can meet its burden of establishing that all of the requirements of Fed. R. Civ. P. 23 are met, such that the requested classes may be certified.

      6.      Whether Plaintiff has standing and/or suffered an actual injury so as to confer jurisdiction on the Court.

  G.    <u>Relief sought by Plaintiff</u>.

The damages sought for Plaintiff's TCPA claim are actual damages, statutory damages, an injunction against the further transmission of unsolicited fax advertisements and costs of suit. Plaintiff seeks damages individually and on behalf of a class of similarly situated persons and/or entities.

  H.    <u>Status of Service</u>.

All Defendants have been served.

## II. **Mandatory Initial Discovery (Pilot Program)**

  A.    <u>Acknowledgement that all counsel of record have read the Mandatory Initial Discovery Standing Order</u>.

All counsel of record have been provided with and have with reviewed the Mandatory Initial Discovery Standing Order [Dkt. Nos. 5, 6]. The deadline for the parties to provide

Mandatory Initial Discovery Responses has been stayed until 30 days after the Court rules on Defendants' Motion to Dismiss. [Dkt.. No. 19].

  B. <u>Status of compliance MIDP responses</u>

The parties jointly requested, and the Court agreed, to stay the parties' obligation to serve responses to MID until 30 days after the Court rules on Defendants' Motion to Dismiss. [Dkt.. No. 19].

  C. <u>Briefly describe any disputes concerning the MIDP responses, if any</u>.

None.

### III. <u>Discovery</u>

  A. <u>Proposed Discovery Schedule</u>.

The parties propose the following discovery schedule which, as directed, has been submitted to this Court's to Judge Seeger's proposed order inbox.

| Event | Deadline |
| --- | --- |
| Mandatory Initial Discovery Responses | 30 days after ruling on motion to dismiss |
| Amendment to the pleadings | December 2, 2020 |
| Service of process on any "John Does" | November 11, 2020 |
| Completion of Fact Discovery | June 16, 2021 |
| Disclosure of Plaintiff's Expert Report(s) | July 14, 2021 |
| Deposition of Plaintiff's Expert | August 4, 2021 |
| Disclosure of Defendants' Expert Report(s) | August 11, 2021 |
| Deposition of Defendants' Expert | September 1, 2021 |
| Dispositive Motions | October 6, 2021 |

5

    B.    <u>Anticipated Number of depositions</u>.

The parties anticipate that 5-6 depositions will likely be required.

    C.    <u>Special issues during discovery</u>.

At this time, the parties do not anticipate any special issues that might arise during discovery.

    D.    <u>Discovery Needed</u>

The parties anticipate that discovery will be needed on the following topics and have proposed a discovery plan sufficient to accommodate completion in the time proposed.

    1.    Plaintiff will need discovery from Defendants, and possibly third parties, regarding to whom and when the alleged unsolicited advertising facsimiles were sent. Plaintiff needs sufficient time in discovery to determine whether any parties need to be added, to add such parties, and to take discovery from them, if necessary. Plaintiff may need to hire an expert to determine the manner of faxing and the identities or fax numbers of fax recipients and/or to inspect the facsimile equipment. Plaintiff also will need discovery on Defendants' affirmative defenses.

    2.    Defendants need discovery regarding Plaintiff's claim and the putative class members' claims. Defendants will need discovery as to the relationship, past dealings and consent with alleged recipients based upon past purchases and communications.

## IV.    <u>Trial</u>

    A.    <u>Have any of the parties demanded a jury trial</u>?

Yes

    B.    <u>Estimated the length of trial</u>.

       3-4 days

**V.**    **Settlement, Referrals, and Consent**

    A.    Settlement Discussions.

    Plaintiff has requested information which would assist it presenting a settlement demand. No formal demand has yet been made. Defendants are gathering the information requested by Plaintiff.

    B.    Settlement Conference.

    The parties do not request a settlement conference at this time.

    C.    Consent to Magistrate Judge

    The parties do not consent to proceeding before the assigned Magistrate Judge.

**VI.**    **Other**

    A.    Is there anything else that the Plaintiff(s) wants the Court to know?

    No.

    B.    Is there anything else that the defendant(s) wants the Court to know?

    No.

| | |
|---|---|
| */s/ Daniel A. Edelman* | */s/ Vivek Jayaram* |
| Daniel A. Edelman | Vivek Jayaram |
| | |
| Daniel A. Edelman | Vivek Jayaram |
| Cathleen M. Combs | Elizabeth Austermuehle |
| Dulijaza (Julie) Clark | Jayaram Law, Inc. |
| EDELMAN, COMBS, | 125 S. Clark Street |
| LATTURNER & GOODWIN, LLC | Suite 1175 |
| 20 S. Clark Street, Suite 1500 | Chicago, Illinois 60603 |
| Chicago, Illinois 60603 | Phone: 312-212-8676 |
| (312) 739-4200 | Fax: 312-661-5910 |
| (312) 419-0379 (FAX) | vivek@jayaramlaw.com |
| | liz@jayaramlaw.com |
| *Attorneys for Plaintiff* | |
| | Gigio Ninan (*Appearance forthcoming*) |
| | Shankar Ninan & Co. |
| | 875 Avenue of the Americas, |

7

Suite 1810
New York, NY 10001
Phone: 212-594-6657
Fax: 212-594-6780
gio@shankarninan.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on August 6, 2020, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system, which caused to be served a true and accurate copy of such filing via email upon all counsel on record.

                                                   */s/ Daniel A. Edelman*
                                                   Daniel A. Edelman